

FILED
2008 Apr-23  PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| KIMBERLY S. CABANISS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 06-G-2069-NW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Kimberly S. Cabaniss, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

## PROCEDURAL HISTORY

On April 11, 2002, the plaintiff protectively filed applications for a period of disability, disability insurance benefits, and Supplemental Security Income. After denial of these applications, the plaintiff exhausted her administrative remedies and appealed to the United States District Court for the Northern District of Alabama. See

Cabaniss v. Barnhart, No. 04-C-0809-NW.  In that case, on October 20, 2004, the Commissioner filed a Motion to Remand for further evaluation of the plaintiff's treating physicians and her pain testimony, which was granted by the Honorable U. W. Clemon. The order of the Appeals Council pursuant to the remand directed the ALJ to evaluate the treating source opinion from the plaintiff's treating physician, John Almirol, M.D., "and obtain clarification of the basis of this opinion."  [R. 304](emphasis added).  On remand, the ALJ again issued a decision finding the plaintiff not disabled. [R. 2S].

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f).  The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

3

In the instant case, ALJ Earl C. Cates, Jr., determined the plaintiff met the first two tests, but concluded that while she has an impairment or combination of impairments considered "severe," she did not suffer from a listed impairment. In his decision, the ALJ found that the plaintiff has the residual functional capacity to perform her past relevant work. [R. 2Q]. Accordingly, the ALJ found the Plaintiff not to be disabled.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...." McGregor, 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen,

4

831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

### WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

### DISCUSSION

The plaintiff was 33 years old at the time of the ALJ hearing. [R. 2Q]. In his decision, the ALJ found that the plaintiff suffered from the severe impairments of "hypothyroidism, dependent edema, degenerative disc disease of the cervical and lumbar spine, fibromyalgia, anxiety/depression, migraine headaches, obesity, high blood pressure, and esophageal reflux. . . ." [R. 2L]. However, he found that the plaintiff "does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments . . . ." [Id.].

On November 13, 2003, her treating physician, John Almirol, M.D., completed a form in which he opined that the plaintiff's "physical limitations preclude her from work involving sitting, standing, and walking for an 8-hour workday on a regular

and continuing basis." [R. 263]. At the March 28, 2006, hearing on remand, ALJ Cates recognized that the Appeals Council order required him to obtain a clarification of the basis of Dr. Almirol's opinion. [R. 378]. On March 29, 2006, such a clarification was issued by Dr. Almirol, who listed the following reasons that the plaintiff could not work an eight-hour day: anxiety; common migraine; degenerative lumbar/lumbosacral disc; dependent edema; depressive disorder; esophageal reflux; fibromyalgia; pain in joints involving multiple sites; and hypothyroidism. [R. 361]. The ALJ discounted Dr. Almirol's opinion because "there is no rationale to go with the opinion that she could not work an eight hour workday on a regular basis." [R. 2Q]. He further concluded that "No rationale was provided by the treating physician and therefore the evidence is considered inadequate and insufficient." [R. 2R]. Although the ALJ was instructed to obtain clarification from Dr. Almirol, he simply concluded that the clarification provided was insufficient. One important aspect of the Commissioners' duty to develop a fair and complete record is his duty to recontact a claimant's treating physician. The Commissioner's regulations provide as follows:

> (e) Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> > (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or

6

>does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

20 C.F.R. § 404.1512(e). If the ALJ determined that Dr. Almirol's testimony was inadequate in some way, he had a duty to recontact the treating source to obtain clarification. The ALJ is not free to base his decision on such unstated reasons or hunches. Judge Johnson eloquently stated the proper role of an ALJ in his concurring opinion in Marbury v. Sullivan, as follows:

>An ALJ sitting as a hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those of claimant's treating physicians: "Absent a good showing of cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Secretary." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988).
>. . . An ALJ may, of course, engage in whatever idle speculations regarding the legitimacy of the claims that come before him in his private or personal capacity; however, as a hearing officer he may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.

957 F.2d 837, 840-41 (11th Cir. 1992)(emphasis in original). Therefore, he improperly ignored or discounted Dr. Almirol's testimony, and as a matter of law it must be accepted as true.

Moreover, the ALJ already had the benefit of a detailed report from the Commissioner's own consulting orthopod, Lloyd Johnson, Jr., M.D. On October 29, 2005, Dr. Johnson examined the plaintiff and performed extensive testing. [R. 348-354]. He concluded:

> In summary, this patient has neck pain, radicular pain into the right arm, as well as lower back pain, and radicular pain in both legs. I am enclosing a copy of her functional evaluation form as well as her range of motion measurements. She does not use an assistive device.
>
> It is my opinion that this patient cannot do prolonged standing. She can sit but cannot do significant walking, lifting, or carrying. She can handle small objects. She can hear, speak, and travel.

[R. 349]. Dr. Johnson's Medical Source Opinion (Physical), based upon his examination, concluded that the plaintiff could stand one hour, walk one hour, and sit for two hours in an eight-hour day. [R. 355]. He also concluded that the plaintiff could occasionally lift 25 pounds and occasionally carry 10-15 pounds. [Id.]. When asked if he had completed his assessment based primarily on the plaintiff's subjective complaints, Dr. Johnson answered, "No." [R. 357]. The ALJ accepted some of Dr. Johnson's opinions, but improperly gave little weight to his assessment that the plaintiff could not work an eight-hour day. [R. 2P]. See Hale v. Bowen, 831 F.2d 1007, 1012 n. 7 (11th Cir. 1987)(noting that the opinions contained on a PCE form, which instructed the physician to base his opinions on his clinical findings, should be assumed to be the doctor's own professional assessment ). The ALJ had the opportunity to elicit additional medical evidence as to whether the plaintiff suffered from an objective medical condition that could reasonably give rise to disabling pain, but chose not to do so. See Jenkins v. Sullivan, 906 F.2d 107, 109 (4th Cir. 1990)(noting the ALJ improperly analyzed the medical evidence himself rather than eliciting additional medical testimony from physicians). Because Dr. Johnson is a specialist in the field of orthopedic surgery, his opinion is entitled to more weight in

this area.[1]  Additionally, his opinion is consistent with that of Dr. Almiro, the plaintiff's treating physician, which must be taken as true.  Therefore, it was improper for the ALJ to ignore the Commissioner's own consulting examiner.

At the hearing, ALJ Cates examined the Vocational Expert (VE), Karen Vessell:

> ALJ: I just, if the claimant can only, cannot work eight hours a day could, could she perform jobs that exist in significant numbers in the national economy?
>
> VE: No, Your Honor.

## CONCLUSION

The Commissioner failed to carry her burden at step five of showing the plaintiff could perform other work.  Accordingly, the plaintiff is disabled within the meaning of the Social Security Act.  An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 23 April 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[1] "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a medical specialist." 20 C.F.R. § 404.1527(d)(5).